# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30085
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2015

Lyle W. Cayce
Clerk

GAYL PAYTON,

Plaintiff–Appellant,

v.

NEWELL NORMAND, Individually and in His Official Capacity as Sheriff, Jefferson Parish; MARK IANNAZZO, Individually in his Capacity as Jefferson Parish Sheriff's Deputy; DANNY JULIAN, Individually in His Capacity as Jefferson Parish Sheriff's Deputy,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-310

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Gayl Payton filed a 42 U.S.C. § 1983 complaint against defendants for false arrest and use of excessive force, arising from an incident in which she was arrested and suffered physical injuries while allegedly interfering in a dispute between her daughter and her daughter's boyfriend. Payton

---

* Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

No. 14-30085

subsequently entered an *Alford* plea in connection with her arrest. Consequently, Payton's claims are barred by *Heck v. Humphrey* unless the "factual basis for the [*Alford* plea] is temporally and conceptually distinct from the excessive force claim." *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). Because Payton has not articulated facts that could support her excessive force claims without running afoul of *Heck*, summary judgment for the defendants was proper. The judgment of the district court is AFFIRMED.

## I.

We review the district court's grant of summary judgment *de novo*. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light most favorable to the nonmoving party. *Dillon*, 596 F.3d at 266.

## II.

Payton filed a 42 U.S.C. § 1983 action against Jefferson Parish Sheriff Newell Normand and Jefferson Parish Sheriff's Deputies Danny Julian and Mark Iannazzo alleging that she was injured by their use of excessive force during an incident outside her daughter's house. In February 2012, there was an altercation between Payton's daughter and Payton's daughter's boyfriend in which both Payton and the defendant officers became involved. Stemming from this incident, Payton was arrested and charged with resisting a police officer and interfering with the police. She entered an *Alford* plea to the misdemeanor of interfering with law enforcement officers.

Payton then brought this lawsuit alleging that she sustained injuries to her face, knee, neck, and wrists due to the defendants' excessive force during the arrest. According to Payton, she was injured when officer Iannazzo grabbed her from behind and threw her to the ground while she was standing,

uninvolved in the altercation. According to the defendants, Payton refused orders to remove herself from the incident and was physically interfering when she was injured.

*Heck v. Humphrey* bars a claim for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless "that . . . conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. This rule applies equally to *Alford* pleas. *Ballard v. Burton*, 444 F.3d 391, 396–97 (5th Cir. 2006). However, "a claim that excessive force occurred after the arrestee has ceased his or her [interference] would not necessarily imply the invalidity of a conviction for the earlier [interference]." *Bush*, 513 F.3d at 498. The inquiry as to whether an excessive force claim is barred under *Heck* is "analytical and fact-intensive" and depends upon whether "the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Id.*

Appellant, in both her Complaint and her brief on appeal, relies on a version of the facts that is inconsistent with her arrest and *Alford* plea for interfering with the officers. For the reasons explained by the district court, we hold that her § 1983 claim is barred by *Heck*. Because her underlying claim against Iannazzo and Julian is barred, her claims against Sheriff Normand are likewise barred. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) (holding that there can be no supervisory liability where there is no underlying constitutional violation). The judgment of the district court is AFFIRMED.